EVA B. HAINES, APPELLANT, v. EQUITABLE TRUST COMPANY, RESPONDENT.

Submitted December 8, 1919—Decided March 1, 1920.

1. A wife delivered to her husband certain bonds payable to bearer. She did this at his request without knowledge of the disposition he intended, and he pledged the bonds to the defendant, as security for the payment of a note then given for a loan, as well as for all other present or future liabilities of the husband to defendant. *Held*, that upon tender of the balance due on the note given when the bonds were pledged, there being other liability of the husband to the defendant, the latter was not required to surrender the pledge without tender of the entire indebtedness due by the husband, the defendant having no knowledge that the possession of the husband of the bonds was other than that of owner.

2. The wife having permitted the husband to use the bonds as his own in pledging them for his debt, has put it in his power to use them to the injury of an innocent third party, and when one of two such parties may suffer a loss it should be borne by the one whose conduct made the loss possible.

On appeal from the Atlantic County Circuit Court.

For the appellant, *Lewis Starr.*

For the respondent, *Charles S. Moore.*

The opinion of the court was delivered by

BERGEN, J. The plaintiff brought an action in replevin to recover two bonds held by the defendant, and the trial court found for the defendant, from which the plaintiff has appealed. The material facts are not disputed, and they are that the plaintiff was the owner of the bonds, that she loaned them to her husband, and when asked for what purpose, replied, "When he called me up and asked me for them, I did not ask him. He called me up on the 'phone and asked me if he could have them, and I said yes. He went in my box and got them. I suppose for himself. I do not know;" under this permission the husband took five bonds and pledged them to secure a loan of $4,000 made to him by the defendant, for which he gave his collateral note for the $4,000, which recited a promise to pay $4,000 to the order of the defendant at its banking house, having deposited "as collateral security for the payment of this note, or any note given in extension or renewal thereof, as well as the payment of any other liability or liabilities of the undersigned to the said company, due or to become due, whether now existing or hereafter arising, the following property," and then follows a description of the bonds. Payments were made on account of this note and some of the bonds were released until but $800 remained due, and all the bonds but the two in controversy were surrendered. The husband was at the same time liable on another note to the defendant for $15,000 as endorser. This record shows that payment of the $800 due on the note of $4,000 was tendered on condition that the defendant surrender the two bonds, which tender the defendant refused to accept, subject to that condition, claiming the right to hold the bonds as collateral security for the husband's endorsement of the note for $15,000. There can be no doubt that if these bonds belonged to the husband he

would be bound by his contract of pledge and that the defendant would be entitled to hold the bonds as security for the other liability, and therefore the only question here is whether the fact that the bonds belong to the wife alters the situation. It appears that on July 10th, 1918, the plaintiff paid, by her check, $1,600 on account of the balance due on the note for $4,000, leaving due $800, for which a new collateral note was given by the husband pledging the two bonds in controversy for its payment on the same terms. There was testimony on the part of the plaintiff tending to show that when the last collateral note was given, a Miss Erickson, whose position was that of note clerk for the defendant company, was told by the husband that the bonds being pledged belonged to his wife, but she denied this, and testified that no such information was given her, and the cashier of that company, the person in charge of loans, denied all knowledge of any fact from which it could be inferred that at that time the bonds belonged to the plaintiff. Thus the question of defendant's knowledge of plaintiff's ownership of the bonds became one of fact which was determined against her on the trial. It appears to be a case where the owner of bonds, transferable by delivery, by her own act put them in the hands of her husband to treat as his, for any purpose he desired, there being no proof of any limitation on the power of the husband to use them with a third party as a pledge, to the same extent as if he was the owner. Therefore we think the trial court was right in holding that the defendant had a right to hold the bonds under the contract of pledge until the pledgor had canceled his entire indebtedness, and that is not claimed to have been done in this case. It must be borne in mind that the note for $15,000 was renewed after the pledge, and it may well be that this would not have been done except for it. This seems to be a case where one of two innocent parties must suffer, and in such a case it should be the one whose conduct made the injury possible.

The judgment will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, ACKERSON, JJ. 14.

*For reversal*—None.